Dear Sheriff Couvillon:
Your request for an Attorney General's opinion has been referred to me for research and reply. Specifically, you ask the following questions:
 (1) Does the law require a court crier, assigned to criminal court, to prepare a document[1] which reflects the fine, sentence and court costs for any defendant who pleads guilty or is convicted of a crime?
 (2) If the law does not place this responsibility on the court crier, on whom does the law impose this duty?
The answer to your first question is in the negative. A court crier's duties are set forth in La.C.C.P. Art. 333 as follows:
 The crier of a court shall attend all sessions thereof; under the direction of the judge shall open and close court at each session, and maintain order and decorum in the courtroom; and shall perform such other duties as are assigned to him by the law, the court, or the sheriff.
 The crier of a trial court, when requested to do so, shall call all witnesses in the building whose testimony is desired by the court or by a party. *Page 2 
 When a court has no crier, and there is no deputy sheriff available for such duty, the sheriff shall perform the duties of crier.
Although C.C.P. Art. 333 provides that a court crier "shall perform such other duties as are assigned to him by law, the judge or the sheriff," this language refers to civil, not criminal, matters since the Legislature chose to place this particular article within the code pertaining to civil
procedure. Similarly, no language is contained whatsoever within the Code of Criminal Procedure that places the burden of preparing commitment sheets on a court crier. Clearly, the law does not obligate a court crier, assigned to criminal courts, to prepare a commitment sheet.
If the court crier is not responsible for the preparation of this document, then upon whom does the law impose this duty? Like the captain of a ship, or a pilot of a plane, the judge controls his courtroom. Against this backdrop, the preparation of commitment sheets has developed from long-standing practice and custom. Such practice and custom has been given the imprimatur of the Courts. The procedure varies slightly from parish to parish, but typically follows this pattern: The court reporter will note, on the record of the proceeding, the sentence, fine and costs of a defendant who either pleads guilty or is convicted of a crime. After the court reporter has noted this information on the record, the judge's minute clerk or secretary will prepare a minute entry and the commitment sheet, which will contain the court's sentence, fine and court costs for that particular defendant. After the commitment sheet has been prepared, it will be sent to the sheriff for further processing and collection. No other activity is required of the judge or his staff by this procedure.
In summary, it is the opinion of this office that the law imposes the duty to prepare the commitment sheet on the judge, not the court crier.
I hope this opinion adequately responds to your request. If I can be of further assistance to you in any way, please do not hesitate to contact me.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: ________________________________
 Christopher D. Matchett
 Assistant Attorney General
[1] Those expert in criminal matters refer to such document as a "commitment sheet."